IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNA HUFFMAN,

        Plaintiff,

v.                                          Case No.  23-4091-JWB

BLUE COMPASS RV, LLC, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motions to dismiss for lack of personal jurisdiction.  (Docs. 20, 21.)  The motions have been fully briefed and are ripe for decision.  (Docs. 22, 26, 29, 30, 31, 48, 49, 50.)  MHS and Blue Compass's motion (Doc. 20) is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART.  Forest River's motion (Doc. 21) is TAKEN UNDER ADVISEMENT for the reasons stated herein.

**I.**      **Standard**

On a Rule 12(b)(2) motion to dismiss, Plaintiff must make a prima facie showing that the court has personal jurisdiction.  *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).  If a defendant challenges the jurisdictional allegations, Plaintiff "must support the jurisdictional allegations of the complaint by competent proof of the supporting facts." *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1011, 1014 (D. Kan. 2006) (citing *Pytlik v. Pro'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989).  All factual disputes must be resolved in Plaintiff's favor and, to the extent that they are uncontroverted by Defendants' affidavits, "the allegations in the complaint must be taken as true."  *Id.* (citing *Intercon. Inc. v. Bell*

*Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (only well-pled facts, as distinguished from conclusory allegations, accepted as true).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *TH Agriculture & Nutrition, LLC v. Ace European Group, Ltd.*, 488 F.3d 1282, 128687 (10th Cir. 2007). Because the Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process, the court ordinarily proceeds directly to the constitutional issue. *Id.* at 1287 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1087 (10th Cir. 1998)).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (internal quotations omitted). Therefore a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1979). The requisite minimum contacts may be established under one of two theories: "specific jurisdiction" or "general jurisdiction." If the requisite minimum contacts are met, the court proceeds to determine whether the "assertion of personal jurisdiction would comport with fair play and substantial justice." *Old Republic Ins. Co.*, 877 F.3d at 903 (internal quotations omitted). General jurisdiction is based on an out-of-state corporation's "continuous and systematic" contacts with the forum state. *Id.* at 904. Specific jurisdiction exists if the defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."

*Burger King Corp.*, 471 U.S. at 472 (internal citations omitted); *see also Mitchell v. BancFirst*, No. 17-2036, 2018 WL 338217, at *2 (D. Kan. Jan. 9, 2018).

## II.     Facts and Procedural History

This case was originally filed in Jefferson County, Kansas, and was removed by Defendant Forest River, Inc. (Doc. 1.) Since the removal, Plaintiff has filed an amended complaint. (Doc. 16.) The facts set forth herein are taken from the amended complaint to the extent they are not controverted by Defendants' affidavits.[1]

Plaintiff is a citizen of Kansas and has been a citizen of Kansas at all times relevant to the events in this matter. In 2020, she decided to purchase a recreational vehicle ("RV"). Plaintiff and her co-buyers purchased the RV from Defendant RV Retailer of Texas, LLC, also known as Motor Home Specialists ("MHS"), in Alvarado, Texas. Plaintiff saw an advertisement from MHS and decided to purchase her new Mercedes Sprinter Isata 3 from MHS. The RV was manufactured by Defendant Forest River. Plaintiff negotiated the purchase over the telephone with an MHS salesman while she was in Kansas and her phone number had a Kansas area code. According to Plaintiff's allegations, she doc-u-signed the purchase agreement on July 14, 2020, and paid a $2,000 deposit by credit card. (Doc. 16 at 9.) The RV was scheduled for delivery to MHS on July 20, 2020. Plaintiff and her family left Kansas on July 19 to pick up the RV in Texas. The RV was not ready on July 20. Plaintiff's amended complaint sets forth several problems with the RV. On July 22, they picked up the RV and were told that it had passed the 200 point inspection, all parts were accounted for, and no deficiencies were disclosed. (*Id.* at 5.) MHS has submitted as an exhibit the contract for the RV. (Doc. 9-1 at 4.) The contract shows that Plaintiff signed it in

---

[1] The court has also considered the declaration of Gifford Akins and the related exhibits attached to the declaration. (Doc. 9-1.) These exhibits were filed with Defendants' initial motion to dismiss and were incorporated by Defendants in their renewed motion to dismiss. (Doc. 20 at 3, n.3.)

person on July 21, 2020 while she was in Alvarado, Texas.  (*Id.* at 6.)  Further, the warranty registration form and the application for Texas title identifies Plaintiff's address in Corpus Christi, Texas, and not Kansas.  (*Id.* at 12, 14.)

After leaving MHS, there was an immediate problem with the RV's tire pressure causing Plaintiff and her family to return to the dealer.  The family later had to get replacement tires at Firestone.  Several more issues arose on the trip, including failed electronics, a cracked hot water casing insert, and a defective refrigerator.  Plaintiff contacted Forest River to alert it to the issues but fails to allege the outcome of the call.  In June 2023, the RV was in for service in Topeka, Kansas, as it was allegedly leaking hydraulic fluid as a result of a defective plug.  (Doc. 16 at 9.)

Plaintiff alleges that the seats in the RV were not original parts but rather were installed in the RV after being removed from another vehicle and that several components have never worked, including the shade, cameras, televisions, and solar panels.  (*Id.* at 8.)  Plaintiff asserts that the RV was a parts vehicle instead of the new RV she had contracted to purchase.  Plaintiff asserts that Forest River may be responsible for the lack of parts and MHS's conduct.  Forest River also failed to reimburse Plaintiff for her claims.  (*Id.* at 10.)

Plaintiff brings claims against Defendants for breach of contract, negligence, fraud, and violations of the Kansas Consumer Protection Act.  Defendants have all moved to dismiss on the basis that this court lacks personal jurisdiction over them.  Alternatively, Defendants argue that Plaintiff failed to state a claim against them.

<u>Additional Facts Relevant to Personal Jurisdiction</u>.  MHS is a limited liability company and has one location in Alvarado, Texas.  (Doc. 9-1 at 2.)  Its sole member is Defendant Blue Compass RV, LLC.  (Doc. 35 at 1.)  Blue Compass's headquarters are in Florida.  (Doc. 9-1 at 2.)  Although  Blue  Compass  has  numerous  members,  most  of  which  are  other  limited  liability

companies, none of those members are citizens of Kansas.  (Doc. 35.)  Further, MHS and Blue Compass do not have a registered agent in Kansas, have not paid Kansas taxes, have not owned property in Kansas, have not maintained property in Kansas, and have not maintained a bank account in Kansas.  (Doc. 9-1 at 2.)

In her amended complaint, Plaintiff alleges that Blue Compass owns two RV dealerships in Kansas.  (Doc. 16 at 2.)  Plaintiff's allegations are based on Blue Compass's website identifying two locations in Kansas.  (Doc. 16 at 27.)  Jacob Lewis, senior counsel for Blue Compass, has submitted a declaration in which he states that Blue Compass does not own the two Kansas dealerships.  According to Lewis, the owner of the dealerships is RV Retailer Kansas, LLC, which is also a wholly owned subsidiary of Blue Compass that acquired the dealerships on August 31, 2022.  (Doc. 20-1.)

Blue Compass operates a website.  The website lists MHS as one of Blue Compass's locations.  (Doc. 16 at 2.)  The website also lists the two locations in Kansas and further states that Blue Compass is the "fastest growing RV retail company in history with over 100 full-service RV dealerships."  (*Id.* at 26.)  Further, the website exhibit attached to Plaintiff's amended complaint states that "MHS was the first dealership purchased by Blue Compass RV in 2018."  (*Id.*)

Forest River is located in Indiana and sells its RVs to authorized dealers, including those located in Kansas.  It's principal place of business is in Indiana and it does not have a registered agent or any employees in Kansas.  Forest River also has no facilities or property in Kansas and does not exercise day-to-day control over authorized dealers in Kansas.  (Doc. 22-2.)  In May 2020, Forest River purchased Eldorado National (Kansas), Inc. ("ENK"), a shuttle bus manufacturer located in Salina.  In June 2020, Forest River re-domesticated ENK from a Kansas corporation to an Indiana limited liability company.  The manufacturing facility was closed after

the purchase and the property was sold in July 2021.  Forest River has not had any ENK employees in Kansas nor has it built any shuttle buses since the closure.  (*Id.*)

Plaintiff alleges that Forest River provides warranties to customers in all states and Kansas. (Doc. 16 at 12.)  Plaintiff further alleges that she has contacted Forest River and that they were aware that she was a Kansas resident and they have shipped items to her in Kansas.  (*Id.* at 17.)

## III.  Analysis

All Defendants argue that they are not subject to personal jurisdiction in Kansas.  Plaintiff contends that they have all waived this argument by removing the state court action to this court. Removal does not waive the defense of personal jurisdiction as long as Defendants raised the defense before filing responsive pleadings.  *See Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) (holding removal of a case to federal court does not constitute a waiver of the right to object to lack of personal jurisdiction); *Nagim v. Irving*, 427 F. App'x. 663 (10th Cir. 2011) (affirming district court's dismissal of case where defendants removed the action to federal court and then moved to dismiss for lack of personal jurisdiction); *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020).  Here, Defendants raised the defense prior to filing a responsive pleading.  Therefore, they may raise the defense after removal.  The court will now address each Defendant separately to determine whether the court may exercise personal jurisdiction over them.

### A.  MHS

Plaintiff does not dispute that MHS is a Texas citizen.  Plaintiff contends that MHS is subject to personal jurisdiction in Kansas because it entered into a contract with a Kansas citizen and that contract was executed in Kansas.  Although the Kansas long arm statute does provide that Kansas courts may exercise jurisdiction over parties who have entered into contracts with Kansas

residents to be performed in the state, the exercise of personal jurisdiction must not offend the due process clause of the Fourteenth Amendment. K.S.A. § 60-308(b)(1)(E); *Old Republic Ins. Co.*, 877 F.3d at 903. Therefore, contrary to Plaintiff's position, the court must look to whether exercising personal jurisdiction over MHS offends the due process clause. Plaintiff does not contend that MHS is subject to general jurisdiction due to its continuous contacts with the state. Therefore, the court will look to whether MHS's actions would subject it to specific personal jurisdiction.

In considering whether the court can exercise jurisdiction over MHS on the breach of contract claim, the court looks at the "business negotiations," "future consequences" of the contract, and the "actual course of dealing" between the parties. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1230 (10th Cir. 2020) (quoting *Burger King*, 471 U.S. at 478–79). "Although contractual obligations may create sufficient ties to establish jurisdiction, an out-of-state resident's contract with a resident of the forum state is insufficient, standing alone, to create personal jurisdiction." *Id.*

Here, Plaintiff alleges that phone negotiations occurred in Kansas and that she signed an agreement along with a deposit from her home in Kansas. MHS, however, has provided evidence that the contract was signed in Texas. In any event, a phone negotiation and an initial deposit are not sufficient to show that MHS purposefully directed its conduct towards the forum state. Rather, Plaintiff's allegations are that she initiated the contact with MHS after doing preliminary research and locating an advertisement on the internet. Further, she represented that she was a Texas resident on all of the sales paperwork and registration. Plaintiff must make a showing that MHS directed its activities towards Kansas, but she has failed to do so. *See Butler v. Daimler Trucks N.A., LLC*, 433 F. Supp. 3d 1216, 1232-33 (D. Kan. 2020) ("[A]ny exercise of specific jurisdiction

must be based on DTNA's [defendant's] suit-related contacts with Kansas.")  The fact that a sales person spoke to her on the phone to negotiate a price is not sufficient to find that MHS has created ties to Kansas such that it can be subject to suit in this state.  Further, although Plaintiff negotiated the contract in Kansas, the transaction was not consummated until Plaintiff went to Texas, signed the contract, paid for the RV, and took possession of the same.  The contacts with Kansas are attenuated here and there is no allegation that MHS initiated contact with Kansas residents for the purpose of selling RVs in this state.

Plaintiff's tort claims against MHS also fail to allege any basis for personal jurisdiction. Even in the intentional tort context, the court must focus on a defendant's relationship with the forum state.  *Dental Dynamics, LLC*, 946 F.3d at 1231.  "[A] defendant's interaction with a plaintiff—even when allegedly tortious—is insufficient to establish personal jurisdiction."  *Id.* Here, the allegations involving the tortious conduct all concern actions MHS took or failed to take while in Texas.  The only connection with Kansas is Plaintiff.  That is not sufficient.  *Id.*

Therefore, this court lacks personal jurisdiction over MHS.

**B.  Blue Compass RV, LLC**

Next, Plaintiff argues that Blue Compass is subject to personal jurisdiction in Kansas because it owns two dealerships in Kansas.  Blue Compass disputes that it is the owner of the two dealerships.  Blue Compass has put forth evidence that its subsidiary is the owner of those dealerships.  (Doc. 20-1.)  In support of her contention that Blue Compass is the owner, Plaintiff points to the licenses issued to the dealerships which indicate that the licenses were issued to RV Retailer Kansas LLC and "Blue Compass RV."  (Docs. 26-2, 26-4.)  In its reply, Blue Compass argues that "Blue Compass RV" is a trade name and that Blue Compass RV, LLC does not own the Kansas dealerships.  (Doc. 31 at 4.)  Here, Plaintiff has not sufficiently rebutted Blue

8

Compass's declaration that it is not the owner of the Kansas dealerships but rather that they are owned by one of its subsidiaries. The name "Blue Compass RV" on the license in and of itself does not support a finding that "Blue Compass RV, LLC" owns the Kansas dealerships given the evidence submitted by Defendant and the fact that the names do not completely match.

Although RV Retailer Kansas LLC would be subject to personal jurisdiction in this state due to its continuous presence in the state, its parent company (as the sole member) is not automatically subject to personal jurisdiction. *See Birmingham v. Experian Information Solutions, Inc.*, 633 F.3d 1006, 1018 (10th Cir. 2011); *Credit Sage LLC v. Credit Wellness LLC*, No. 1:23-CV-110-SWS, 2024 WL 99474, at *17 (D. Wyo. Jan. 9, 2024) (citing cases for the proposition that personal jurisdiction over a limited liability company does not automically extend to its members). Rather, the "members must have the requisite minimum contacts with the forum state independently of the limited liability company." *Credit Stage LLC*, 2024 WL 99474, at *17. Plaintiff has not sufficiently alleged contact with Kansas outside of its relationship to RV Retailer Kansas LLC. This is not sufficient especially in light of the fact that RV Retailer Kansas LLC had no involvement in the claims at issue.

Plaintiff also points to Blue Compass' website which makes representations that it has dealerships in Kansas and in Texas and employs over 4,000 people in its dealerships. (Doc. 16 at 21–26.) It appears that Plaintiff contends that these representations show that it owns all of the dealerships contrary to the statements in the record. But these statements could be made by a parent company talking about all of its subsidiaries. They do not change the corporate structure of the entities.

Alternatively, even if this court could exercise personal jurisdiction over Blue Compass, Plaintiff has failed to state a claim against Blue Compass. Blue Compass also moved to dismiss

on the basis that Plaintiff's allegations are entirely focused on the actions or inactions of MHS and that Plaintiff has failed to sufficiently allege any facts regarding Blue Compass. In response, Plaintiff merely asserts that she has sufficiently alleged that Blue Compass and MHS are "one and the same." (Doc. 26 at 10.) Contrary to Plaintiff's belief, an "LLC's corporate liabilities in tort are solely those of the LLC and that no member or manager may be liable solely based on their status as a member or manager." *Univ. of Kansas v. Sinks*, 565 F. Supp. 2d 1216, 1239 (D. Kan. 2008). Rather, Blue Compass can only be held liable for its own acts. The other basis for liability is if the court pierces the corporate veil and disregards the corporate form. *Id.* Plaintiff makes no attempt to allege that piercing the corporate veil is appropriate here. Therefore, Plaintiff's allegations must state a claim against Blue Compass as a separate entity from MHS.

Turning to the first claim, Plaintiff has alleged that Defendants breached the purchase contract. According to the allegations (and the agreement), the contract is between Plaintiff and MHS. Therefore, Plaintiff has failed to sufficiently allege the existence of an agreement. With respect to her "torts" claim, Plaintiff's allegations are entirely focused on MHS's actions in failing to inspect the RV, engaging in fraudulent conduct, and failing to provide the proper parts.[2] (Doc. 16 at 11–12.) Plaintiff fails to allege any facts regarding negligent or intentional conduct by Blue Compass. Therefore, her tort claim is subject to dismissal. Finally, Plaintiff alleges a violation of the KCPA. In order to state such a claim, Plaintiff must prove that (1) she was a consumer; (2) Blue Compass a supplier; (3) Blue Compass engaged in a deceptive or unconscionable act or practice in connection with a consumer transaction; and (4) Plaintiff was aggrieved. *In re Motor Fuel Temperature Sales Pracs. Litig.*, 279 F.R.D. 598, 604-05 (D. Kan. 2012). Here, the allegations are focused entirely on Plaintiff's purchase of the RV from MHS and the related

---

[2] Liberally construed, it appears Plaintiff is alleging claims of negligence and fraud against MHS.

problems pertaining to the RV.  Besides being the parent company to MHS, Blue Compass was not involved in the consumer transaction.  Therefore, Plaintiff has failed to sufficiently allege a KCPA claim against Blue Compass.

### C. Forest River

Finally, Forest River has also moved to dismiss on the basis that the court lacks personal jurisdiction against it and because Plaintiff has failed to state a claim against it.  Forest River is the manufacturer of the RV.  Although Forest River is located in Indiana, it did purchase property and a business in Kansas at the time Plaintiff purchased the RV.  Plaintiff argues that this court has personal jurisdiction over Forest River due to its presence in Kansas, the sale of RVs to Kansas dealerships, and because they have issued warranties on its RVs in all states, including Kansas. Further, Plaintiff alleges that her RV has had several mechanical issues that Forest River has failed to pay for and some of those issues occurred in Kansas.  (Doc. 16 at 9.)  Plaintiff has also alleged that Forest River has shipped items to Plaintiff in Kansas, presumably involving her RV, but the allegations are difficult to follow.  (*Id.* at 17.)

Viewing the amended complaint, however, her breach of contract claim is based on the sales contract and not on a breach of the manufacturer warranty.  In her response, Plaintiff claims that she is making a breach of warranty claim against Forest River and that is the contract at issue. (Doc. 48 at 10.)  Plaintiff's response is contradicted by her actual pleadings.  Further, her tort claim is confusing, but it is entirely focused on MHS's actions.  (Doc. 16 at 11) ("MHS negligently instructed Craig to drive the new car onto the dolly without placing the pin which resulted in property damage . . . MHS engaged in fraud when making false statements during the purchase that MHS intended on, and Plaintiff did rely.")  Plaintiff's KCPA claims are also difficult to follow, in part because she has included quotes from the various statutory provisions.  (*Id.* at ¶¶ 71–83.)

None of those allegations, however, appear to implicate Forest River.  Rather, with respect to Forest River, Plaintiff incudes a section stating

> Forest River has had direct contact and is including in the Complaint as a whole including a belief of contractual oversight and knowledge and are responsible for the condition of the new RVs. *Upon information and belief a contract exists between Forest River and Blue Compass which includes obligations for the nearly nationwide sales which include the State of Kansas for both companies.

*Id.* at 18.

Such an allegation suggests that Plaintiff has not claimed that Forest River violated the KCPA but is somehow responsible for the conduct of MHS and Blue Compass.  Plaintiff fails to provide any authority that Forest River would be liable in such a circumstance.

The discussion of the claims is significant because personal jurisdiction involves reviewing the claims to determine whether the actions of the defendant with respect to those claims shows that the defendant directed its activities at the forum state.  *See Dental Dynamics, LLC*, 946 F.3d at 1230–32 (discussing that the court is to analyze purposeful direction in the context of the breach of contract claim by reviewing the obligations under the contract and the parties' course of dealing and, with respect to the tort claim, determine the conduct with respect to the alleged tort).  Here, because Plaintiff's assertions in her response conflict with the allegations in her pleading, it is difficult to analyze the personal jurisdiction question.

Because Plaintiff may be able to state claims under Kansas law and show that Forest River is subject to personal jurisdiction due to its contacts in the state, alleged failures to perform under the warranty, and potential product defects, the court will allow Plaintiff an opportunity to amend her complaint against Forest River.[3]  Plaintiff, however, may not file an amended complaint against

---

[3] Forest River also asserts that Plaintiff's tort claim is untimely under Kansas law because she did not refile this action within six months of the voluntary dismissal of her previous action.  (Doc. 22 at 17.)  Plaintiff's prior action was dismissed on December 22, 2022.  *See Huffman v. Blue Compass, et al.*, Case No. 22-4061-DDC.  This action was filed on June 22, 2023.  (Doc. 1-1.)  The Kansas Savings Statute requires that an action be refiled within six months

Blue Compass for the reasons stated herein and, should Plaintiff seek to remain in this jurisdiction, she may not include MHS in her amended complaint. Plaintiff may file a motion to transfer this matter to the Northern District of Texas under 28 U.S.C. § 1404 so that she may proceed on her claim against MHS and, potentially, Forest River in one action.

## IV.    Conclusion

MHS and Blue Compass's motion to dismiss (Doc. 20) is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART. Blue Compass's motion to dismiss is granted. MHS's motion to dismiss is TAKEN UNDER ADVISEMENT. Forest River's motion to dismiss (Doc. 21) is TAKEN UNDER ADVISEMENT.

Plaintiff may file an amended complaint against Forest River on or before June 21, 2024. Plaintiff may also file a motion to transfer this matter to the Northern District of Texas. Should Plaintiff fail to file an amended complaint or a motion to transfer venue, the court will rule on Forest River's motion to dismiss without further notice. Should Plaintiff fail to file a motion to transfer venue, MHS's motion will be granted without further notice.

IT IS SO ORDERED. Dated this 6th day of June, 2024.

        s/ John W. Broomes
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE

---

for it to relate back to the previous action for purposes of the statute of limitations. K.S.A. § 60-518. Based on the court's calculations, this action was filed exactly six months after the prior action was voluntarily dismissed. Therefore, it is timely under the statute.